**Ken GRIFFITH, doing business as Mr. Fashion; Rene Griffith, doing business as Mr. Fashion; Plaintiffs–Appellants,**

v.

**LEVI STRAUSS & CO., Defendant–Appellee.**

No. 95–50216
Summary Calendar.

United States Court of Appeals,
Fifth Circuit

Jan. 24, 1996.

---

Robert A. Skipworth, Ainsa, Skipworth, Martinez & Driscoll, El Paso, TX, for Ken and Rene Griffith, plaintiffs-appellants.

Gregory Stewart Gilchrist, Legal Strategies Group, Emeryville, CA, for Levi Strauss & Co., defendant-appellee.

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:

The appellants were retail merchants for Levi Strauss & Co. ("Levi"). Levi requires its retailers to abide by its "distribution policy," which provides that retailers may not sell Levi products to other resellers. Under that policy, Levi "reserved the right to terminate [its] business relationship" with a retailer "if goods supplied to you by [Levi] are transferred from an approved to an unapproved location." Levi terminated its relationship with the appellants after they sold Levi products on a wholesale basis.

The appellants filed a lawsuit claiming damages for lost profits arising from Levi's failure to inform them that its distribution policy forbidding wholesale marketing allowed for an exception at the United States–Mexico Border (the "Border Exception") where the appellants were located.[1] More specifically, appellants' claim is that Levi's failure to apprise them of the Border Exception deprived them of profits they could have made during their relationship with Levi by selling on a wholesale basis as well as on a retail one. The appellants alleged misrepresentations by Levi, in violation of § 17.46(b)(12) of the Texas Deceptive Trade

---

1. Appellants do not allege that Levi's termination of their relationship violated the express terms of the distribution policy or that it breached the terms of their agreement with Levi.

Practices Act ("DTPA"), as well as a breach of the duty of good faith in the performance of a contract under Texas contract law, *see* Tex.Bus. & Comm.Code Ann. § 1.203. The district court concluded that "the Border Exception is not part of the Plaintiff's alleged contract," and dismissed the appellants' suit for failure to state a claim under which relief can be granted.

In order to withstand dismissal, the appellants on appeal allege, in addition to the claims rejected by the district court, that Levi's failure to inform them of the Border Exception constitutes negligent misrepresentation and a misrepresentation as to the sponsorship, characteristics or benefits of goods or services, *see* DTPA § 17.46(b)(5), and violates the DTPA's "catch-all" deceptive practices provision, *see* DTPA § 17.46(b).

■ Our review of the record, the briefs of the parties, and the order of dismissal of the district court, convince us that the appellants claims of breach of the duty of good faith and misrepresentation under DTPA § 17.46(b)(12) are fatally flawed. Both claims require that any false representation or breach of duty occur within the framework of an agreement between Levi and the appellants. In this case, the contract between the appellants and Levi did not incorporate or reference the Border Exception. As such, there was simply no term of a contract between the appellants and Levi that was misrepresented, nor was there any term of the contract with respect to which there was a breach of a contractual duty on the part of Levi.

■ We further find that the claims the appellants plead for the first time on appeal are equally meritless. Consumers have a private cause of action under the DTPA only with respect to acts that are specifically enumerated in section 17.46. As such, the appellants' "catch-all" deceptive practice claim must fail. *See* DTPA § 17.50. Appellants claim under DTPA § 17.46(b)(5), concerning sponsorship or characteristics of goods or services, also fails because this type of claim protects consumers. Any misrepresentation by Levi, therefore, must pertain to goods or services that Levi has sold to the appellants. *See Pennington v. Singleton,* 606 S.W.2d 682, 687 (Tex.1980). In the relationship between Levi and the appellants here, the appellants have sold their services as retailers to Levi; Levi has sold nothing to the appellants.

■ Finally, the appellants' negligent misrepresentation claim also fails. Appellants essentially claim that Levi represented that its distribution policy forbids *all* sales of Levi products on a wholesale basis, and that this representation is false because Levi permitted some retailers, pursuant to the Border Exception, to sell on this basis without termination. We disagree. Levi's description of its distribution policy cannot be false because Levis's reservation of the right to terminate accounts violating the policy specifically allows Levi the option *not* to terminate such accounts. *See Allied Bank of Texas v. Plaza DeVille Assocs.,* 733 S.W.2d 566, 570–71 (Tex. App. San Antonio 1987, writ ref'd n.r.e., reh'g overruled).

In short, the appellants' attempt to use the DTPA, Texas contract law and the law of negligent misrepresentation to obtain the benefit of a bargain they never made with Levi must fail. Consequently, the judgment of the district court dismissing this complaint is

AFFIRMED.