IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50216
Summary Calendar
_____


KEN GRIFFITH, doing business as
Mr. Fashion; RENE GRIFFITH, doing
business as Mr. Fashion,

                                        Plaintiffs-Appellants,

                        versus

LEVI STRAUSS & CO.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas
(EP-92-CV-59)
_____

January 24, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]


    The appellants were retail merchants selling goods of Levi

Strauss & Co. ("Levi").  Levi terminated that relationship because

the appellants failed to abide by Levi's "distribution policy" by

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

selling wholesale, instead of selling retail only.  The appellants

filed a lawsuit--not on the basis of an unlawful termination--but

instead claiming damages for loss profits because Levi had not told

them--and they had not found out until after the termination of the

relationship--that the distribution policy forbidding wholesale

marketing of Levi's goods by retailers allowed for an exception at

the U.S.-Mexico Border ("Border Exception") where the appellants

were located.  In other words, the appellants' claim is that Levi's

failure to apprise them of the Border Exception deprived them of

profits they could have made during their relationship with Levi by

selling wholesale as well as retail.  The appellants sued, alleging

misrepresentation under the Texas Deceptive Trade Practices Act and

a breach of duty of good faith in the performance of a contract

under Texas contract law.  The district court concluded that "the

Board Exception" was not part of the alleged contract, and because the claim for misrepresentation and the breach of duty arose independent of the contract, dismissed the complaint. Our review of the briefs and records convince us that the district court got it right: the fatal flaw in the Griffiths' claim, as alleged in their pleadings and as argued before us, is that those claims require that any false representation or any breach of duty occur within the framework of an agreement between Levi and the appellants. In this case, there was simply no term of a contract between the appellants and Levi that was misrepresented, nor was there any term of the contract with respect to which there was a breach of any contractual duty on the part of Levi. With respect to new arguments made on appeal that were not made in the district court below, each of them is equally meritless: consumers have a

private cause of action under DTPA only with respect to acts that are specifically enumerated in section 17.46. As such, the appellants' catchall deceptive practice claim must fail. Furthermore, the appellants' claim under DTPA, § 17.46(b)(5) concerning goods and services fails because this type of claim protects consumers--that is, it must pertain to goods or services that Levi has sold to the Griffiths. Finally, the Griffiths' claim of negligent misrepresentation also fails: Levi's reservation of right to terminate its accounts for violating their distribution policy cannot be false because it specifically allows Levi the option not to terminate such accounts.

In short, the appellants' attempt to use the DTPA and the law of negligent misrepresentation to obtain the benefit of a bargain

they never made with Levi must fail.  Consequently, the judgment of

the district court dismissing this complaint is

A F F I R M E D.